**Odis L. DAUGHRITY, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE,
Respondent.**

No. 04–3100.

United States Court of Appeals,
Federal Circuit.

Dec. 10, 2004.

Before LOURIE, SCHALL, and
PROST, Circuit Judges.

DECISION

PER CURIAM.

Odis L. Daughrity petitions for review of
the final decision of the Merit Systems
Protection Board dismissing his appeal for

lack of jurisdiction. *Daughrity v. United
States Postal Serv.*, No. AT–3443–03–
0325–I–1 (M.S.P.B. Oct.31, 2003). We *affirm.*

BACKGROUND

Daughrity, a former postal worker, applied for a position at the United States
Postal Service ("USPS"). When the USPS
subsequently notified Daughrity that he
had been removed from all of its hiring
registers, Daughrity appealed his nonselection for a position to the Board. An
administrative judge ("AJ") dismissed
Daughrity's appeal for lack of jurisdiction,
on the basis that nonselection for a position was not directly appealable to the
Board. Daughrity appealed the AJ's decision to the full Board, which denied his
petition for review, thereby rendering the
AJ's decision final. *See* 5 C.F.R.
§ 1201.113(b) (2004).

Daughrity appealed to this court, and we
have jurisdiction pursuant to 28 U.S.C.
§ 1295(a)(9) (2000).

DISCUSSION

Whether the Board has jurisdiction to
adjudicate a particular appeal is a question
of law that we review *de novo*. *Middleton
v. Dep't of Def.*, 185 F.3d 1374, 1379 (Fed.
Cir.1999). The Board's jurisdiction is not
plenary; it is limited to adverse personnel
actions expressly made appealable to it by
law, rule, or regulation. 5 U.S.C.
§ 7701(a) (2000). We agree with the
Board that nonselection for employment is
not a matter within its appellate jurisdiction. *See* 5 U.S.C. § 7512 (2000).

Statutory prescriptions notwithstanding,
Daughrity has not met his burden of establishing jurisdiction. *See Herman v.
Dep't of Justice*, 193 F.3d 1375, 1378 (Fed.
Cir.1999). There is no indication in the
record of the reasons for his removal from

the hiring register. Also, his citation of the Drug Abuse Office and Treatment Act of 1972, Pub.L. No. 92–255, 86 Stat. 65 (1972) and USPS Handbook EL–312 on "Employment and Placement" is unavailing as neither provides a basis for conferring jurisdiction on the Board over an appeal for nonselection.

Accordingly, we discern no error in the Board's determination that it lacked jurisdiction to review Daughrity's nonselection for employment, and therefore affirm.